# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2262
_____

American Alternative Insurance Corporation

*Plaintiff - Appellee*

v.

Anthony Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 27, 2016
Filed: January 29, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

While paramedic Anthony Williams was riding as a passenger in his employer's ambulance, he was injured in a collision with a city bus owned by Central Arkansas Transit Authority (CATA) and driven by Thurman Scott. Mr. Williams obtained a judgment against CATA and Scott in the amount of $475,000. After CATA paid its liability limits of $25,000, Mr. Williams sought underinsured motorist

(UIM) benefits from American Alternative Insurance Corporation (AAIC), the insurer for his employer, ambulance owner Metropolitan Emergency Medical Services. AAIC in turn filed this diversity action seeking a declaratory judgment that it was not liable because the insurance policy excluded from the definition of an "underinsured motor vehicle" one owned by a governmental unit or agency such as CATA. The parties filed cross-motions for summary judgment, and the district court[1] entered judgment in favor of AAIC. Mr. Williams appeals arguing, as he did below, that the relevant policy clause excluding coverage is void as against public policy; alternatively, he argues that the clause was not negotiated.

Following careful review, see Martin v. Wal-Mart Stores, Inc., 183 F.3d 770, 772 (8th Cir. 1999) (applying substantive law of forum state in diversity action), we agree with the district court that, under Arkansas law, an insurer issuing a commercial automobile liability policy is not required to offer UIM coverage, see Monday v. Canal Ins. Co., 73 S.W.3d 594, 597-99 (Ark. 2002) (construing plain language of Ark. Code Ann. § 23-89-209(a)(1) to require insurers to offer UIM coverage only when issuing "private passenger automobile liability insurance" policies covering personal or private vehicles). We also agree with the court that AAIC's exclusion of government-owned vehicles from UIM coverage in the policy at issue is not void as against public policy. See Couch v. Farmers Ins. Co., 289 S.W.3d 909, 916 (Ark. 2008) (courts will not find insurance coverage exclusions void as against public policy unless legislature specifically prohibited exclusion). Finally, Mr. Williams's argument that the exclusion clause was not negotiated is not a basis for reversal.

The judgment is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.